UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDULAI FOFANAH,

    Petitioner,

v.

SHOPAN, et al.,

    Respondents.

Civ. No. 17-0789 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Abdulai Fofanah, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II. BACKGROUND

Petitioner's habeas petition relates to allegations arising while he was incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey.[1] Petitioner alleges that on September 9-10, 2016, respondent Shopan appeared at his cell and ordered all of its occupants out of the cell. Shopan then covered the cell door with his jacket so that no one could look inside. After approximately one hour, Shopan opened the door and declared that plaintiff was in possession of a hazardous tool. This hazardous tool was shown to be an Iphone. Petitioner then states as follows:

> Staff enforcement of Respondent's Declaration from his secret and private search did months later, without notice, forced plaintiff to appear against his wish in a secret hearing without record.

---

[1] Petitioner lists his address of record in this case in the Bronx, New York. However, a review of the Federal Bureau of Prisons inmate locator indicates that a person with petitioner's same name is currently incarcerated at F.C.I. Fort Dix. *See* https://www.bop.gov/inmateloc/ (last visited on February 10, 2017). In any amended habeas petition that petitioner may elect to file, he should expressly specify his current physical address.

> Wherein, at this unnoticed compulsory hearing, another staff person, in furtherance of Respondent Shopan's secret search of that 12-man cell, identically refused to both serve notice upon plaintiff that defines what is meant by the terms "Hazardous" and "Anything" nor would staff give notice to plaintiff of the lawful power followed by Respondent Shopan for executing secret searches that liable to restraint of citizens' life and liberty solely on a Searcher's Declaration of guilty or possession from a secret discovery on a Joint Base doing business incarcerating illegal and enemies Aliens.

(Dkt. No. 1 at p. 8) Petitioner states that his First, Fifth and Fourteenth Amendment rights have been violated.

### III.     STANDARD FOR *SUA SPONTE* SCREENING OF HABEAS PETITION

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV.    DISCUSSION

Petitioner's habeas petition is not the model of clarity. Nevertheless, construing the petition liberally, it appears as if petitioner is challenging the search of his cell as well as the proceedings that took place as a result of what was found during that search. Each of these claims is considered in turn.

A.  <u>Proceedings Arising from Search</u>

Petitioner appears to be challenging the proceedings that occurred after a search of his cell discovered an Iphone. Prisoners are guaranteed certain due process protections when a prison disciplinary proceeding may result in the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). Challenges "to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of a prisoner's sentence." *See Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 758-59 (3d Cir. 1996)). The due process protections afforded an inmate must include:  (1) a written notice of the charges at least twenty-four hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) appearing before an impartial decision making body. *See Crosby v. Piazza*, 465 F. App'x 168, 171-72 (3d Cir. 2012) (citing *Wolff*, 418 U.S. at 563-71). Additionally:

> "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (internal

3

> quotation marks and citation omitted). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence. *See Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989). Rather, the relevant inquiry asks whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

*Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013).

The problem with petitioner's habeas petition with respect to this issue is that while he alleges that some type of proceeding arising out of the search and discovery of the Iphone took place, he does not indicate any deprivation nor loss of good time credits in the habeas petition itself. Thus, it is not clear that petitioner has raised a cognizable habeas claim. Therefore, this Court will dismiss the habeas petition without prejudice. In any amended habeas petition that petitioner may elect to file, he should indicate whether such any proceeding arising from the search and discovery of the Iphone resulted in the loss of any good-time credits. Additionally, petitioner shall expressly state which due process protections espoused in *Wolff* were not met in his proceedings.

  B. <u>Search</u>

Petitioner may also be asserting a separate, stand-alone claim, that his constitutional rights were violated by the search of his cell itself. The problem with raising this type of claim is that it is not properly raised in a § 2241 habeas action. Conditions-of-confinement claims are appropriately brought in a civil rights action under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not appended to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson,* 362 F. App'x 263, 266 (3d Cir.2010); *see also Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'-the validity of the continued conviction or the fact or length of the sentence-a challenge,

4

however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

To the extent that the habeas petition is asserting a separate stand-alone claim for the unlawful search, unrelated to any subsequent proceedings arising from the search and discovery of the Iphone, he should bring such a claim in a civil rights action. Thus, this stand-alone claim related to the search itself in this § 2241 habeas petition will also be dismissed without prejudice. *Accord Brown v. Warden Lewisburg USP,* 601 F. App'x 85, 86 (3d Cir. 2015) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims).

## V.     CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed without prejudice. An appropriate order will be entered.


DATED: February 14 , 2017                                    s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge